## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:07cr77(13) |
| v. | § | |
| | § | |
| THOMAS PAUL RAMIREZ | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
### DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENT

This matter having been referred by the Honorable Marcia A. Crone, the Court has considered Defendant's Motion to Suppress Statement (Dkt. 225). After considering the evidence presented and the arguments of counsel, the Court finds that the motion should be denied.

In his motion, Defendant Thomas Paul Ramirez seeks to suppress oral statements he made while in the custody of federal authorities during the car ride to his initial appearance and arraignment in this matter. Defendant claims that the statements were taken in violation of his constitutional rights to counsel and due process. According to Defendant, his statements to U.S. Postal Inspectors, who were working on his case and transporting him from the Collin County jail to the courthouse in Sherman, were not made voluntarily. Essentially, the Defendant argues that, at the time he made the statements to the U.S. Postal Inspectors he was in severe pain, without the benefit of medication, and that this pain rendered his statements, or the waiver of his rights, involuntary.

The Fifth Amendment protects an individual's right to be free from compelled self-incrimination. Thus, the Government may use at trial only those confessions that are voluntarily made. 18 U.S.C. § 3501(a); *Malloy v. Hogan*, 378 U.S. 1, 6, 84 S. Ct. 1489, 12 L. Ed.2d 653 (1964). In order for the Government to introduce Defendant's statement, it generally must prove that the

1

accused voluntarily, knowingly and intelligently waived his *Miranda* rights.  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  To prove a valid waiver, the Government must show that the relinquishment of the defendant's rights was voluntary and the defendant was fully aware that the right was being waived and the consequences of waiving that right.  *Id.*

On January 22, 2008, the Court held a hearing on Defendant's motion.  At that hearing, the Government offered the testimony of United States Postal Inspectors Bill Vivoni and Brad Meyer. Defendant testified on his own behalf and also offered the testimony of his wife and co-defendant, Cheryl Brown.

Defendant testified that, shortly before his arrest, he had been hospitalized for back pain and that he was on medication at the time of his arrest to reduce such pain.  Defendant testified that he was not given his pain medication during the approximately two days during which he was in the Collin County jail awaiting his initial appearance in this Court.  It was during his transport from Collin County to his initial appearance that Defendant made the statements he seeks to suppress. Defendant testified he was in severe pain during the car ride and that he lacked the mental ability to make the choice to waive his rights.  Defendant's wife, Cheryl Brown, also testified that she had observed that when Defendant was in pain, he was unable to concentrate.  Brown was not present at the time Defendant made the statements at issue.

According to the evidence presented by the Government, after Defendant questioned inspectors Vivoni and Meyer about the charges pending against him, Defendant was read his *Miranda* warnings and informed that the agents could only speak to him if he chose to waive those rights.  Vivoni testified that he read from a *Miranda* warnings card that he always uses, and Meyers testified that he has an independent recollection of Vivoni administering the warnings.  According to both Vivoni and Meyer, Defendant stated that he understood those rights.  Further, the evidence

indicates that, after being administered those rights, Defendant voluntarily began giving statements to the postal inspectors about his involvement in the charges made against him.  Although he remembered Defendant indicating that he was experiencing some pain, Vivoni testified that there was no indication that Defendant did not understand his rights or that this pain prevented him from making a knowing waiver of them.  According to Meyer, Defendant was not grimacing, did not have trouble breathing or speaking, and seemed to understand everything he was being told.

Further, Defendant claims his arms and legs were "shackled," implying that such restraint compromised the voluntary nature of his waiver of rights.  While Vivoni and Meyers agree that Defendant was handcuffed (as is their policy when making such transports), Vivoni and Meyers stated that they do not use leg shackles.  The Court finds that the manner of restraint used was reasonable and did not coerce or cause Defendant to involuntarily waive his rights.

The Court also notes that Defendant testified that the first time he recalls being read his rights was on his return trip from his initial appearance.  The minute entry from Defendant's initial appearance and arraignment indicate that he was given those rights at that time – before his car trip home.  *See* Dkt. 191.  Further, the minute entry indicates that Defendant indicated that he was physically and mentally ready to make such an appearance during the hearing – which was conducted shortly after Defendant made the statements at issue.  Defendant had not received any pain medication between the time he made the statements and the time he was arraigned.

After considering the evidence and testimony presented at the hearing, the Court finds that Defendant's Motion to Suppress Statement should be denied.  Specifically, the Court finds that Defendant made a knowing and voluntary waiver of his *Miranda* rights and was not coerced or threatened by law enforcement officers to do so.  The Government has satisfied its burden of showing that Defendant here knowingly and voluntarily waived his rights prior to making the

3

statements he seeks to suppress.  Therefore, there is no basis for suppression.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's Motion to Suppress Statement (Dkt. 225).

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 23rd day of January, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

4